**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                            :
JORGE MATUTE CASTILLO,      :    Hon. Jerome B. Simandle
                            :
            Petitioner,     :    Civil No. 12-7831 (JBS)
                            :
       v.                   :
                            :
JORDAN HOLLINGSWORTH,       :    OPINION
                            :
            Respondent.     :
_____:
```

**APPEARANCES:**

    JORGE MATUTE CASTILLO, #50857-018
    FCI Fort Dix
    P.O. 2000
    Fort Dix, NJ 08640
    Petitioner Pro Se

    PAUL A. BLAINE, Assistant U.S. Attorney
    PAUL J. FISHMAN, United States Attorney
    P.O. Box 2098
    Camden, NJ  08101
    Attorneys for Respondent

**SIMANDLE, Chief Judge**:

    Jorge Matute Castillo, a federal inmate confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed on September 28, 2009, by Judge Elizabeth A. Kovachevich in the United States District Court for the Middle District of Florida, after he pled guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine, while on board a vessel subject to the

jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a)(1), 70506(a), and 70506(b), and 21 U.S.C. § 960(b)(1)(B)(ii).  See United States v. Castillo, Crim. 09-0147 judgment (M.D. Fla. Sept. 29, 2009). Respondent filed an Answer and the declaration of Michael R. Gesele, together with several exhibits.  Having thoroughly reviewed the record, as well as the docket in the underlying criminal proceeding, this Court will dismiss the Petition for lack of jurisdiction.

## I.   BACKGROUND

On April 2, 2009, a grand jury in the Middle District of Florida returned a two-count indictment against Castillo and four other defendants.  The indictment charged that "[b]eginning on an unknown date and continuing through on or about March 19, 2009, while aboard a vessel subject to the jurisdiction of the United States," defendants knowingly conspired and agreed to possess with the intent to distribute five kilograms or more of cocaine (count one), and defendants knowingly possessed with the intent to distribute five kilograms or more of cocaine (count two). United States v. Castillo, Crim. 09-0147 indictment (M.D. Fla. Apr. 2, 2009).  On July 27, 2009, Castillo pled guilty to count one of the indictment.  On September 28, 2009, Judge Kovachevich sentenced Castillo to 210 months in prison and five years of supervised release.  Castillo appealed, and on August 4, 2010,

the Eleventh Circuit Court of Appeals granted the government's motion to dismiss the appeal due to a valid appeal waiver contained in Castillo's plea agreement.  The docket of the Middle District of Florida shows that Castillo did not file a motion to vacate the sentence under 28 U.S.C. § 2255.

Castillo, who is now incarcerated at FCI Fort Dix in New Jersey, signed his § 2241 Petition on December 12, 2012.  He raises two grounds:  "New 11th Circuit law - no jurisdiction in territorial waters" (ground one), and "Ilegal[ly] incarcerated, no jurisdiction for sentencing court to impose sentence" (ground two).  (ECF No. 1 at 6.)  In a memorandum accompanying the Petition, he argues:  pursuant to United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), the sentencing court was without jurisdiction to impose a sentence, and the "act for which Petitioner was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255 motion."  (ECF No. 1 at 9.)  Factually, he alleges that in March 2009, the U.S. Coast Guard illegally seized him from a vessel "50 miles from Panama coast," and the United States prosecuted him under the Maritime Drug Law Enforcement Act.  (ECF No. 1 at 11.)  Relying on the Eleventh Circuit opinion in Bellaizac-Hurtado, he seeks an order vacating his criminal judgment or alternatively granting an evidentiary hearing.  (ECF No. 1 at 16.)

Respondents filed an Answer arguing that Bellaizac-Hurtado does not apply to Castillo's case because the vessel on which Castillo was apprehended was stopped in international waters and this Court should dismiss the Petition for lack of jurisdiction. (ECF Nos. 5, 6.) Castillo filed a Reply (labeled "Supplemental Pleading"), arguing that his incarceration and sentence are illegal under Ballaizac-Hurtado. (ECF No. 7.)

## II.   DISCUSSION

Section 2241 of Title 28 of the United States Code provides that the writ of habeas corpus shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Nevertheless, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e);[1] see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir.

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a
(continued...)

4

2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in Bailey v. United States, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued Bailey after Dorsainvil's § 2255 motion was

---

[1](...continued)
suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).  Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus
> [pursuant to 28 U.S.C. § 2241] in behalf of a
> prisoner who is authorized to apply for
> relief by motion pursuant to this section,
> shall not be entertained if it appears that
> the applicant has failed to apply for relief,
> by motion, to the court which sentenced him,
> or that such court has denied him relief,
> unless it also appears that the remedy by
> motion is inadequate or ineffective to test
> the legality of his detention.

28 U.S.C. § 2255(e).

denied on the merits and after the Third Circuit ruled that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion.[2]  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent").

Here, Castillo claims that he is imprisoned for conduct that the Eleventh Circuit (the circuit wherein he was convicted) deemed non-criminal in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012) (after his conviction became final and the time to file a § 2255 motion expired).  In Bellaizac-Hurtado, the Eleventh Circuit reversed convictions under the Maritime Drug Law Enforcement Act on direct appeal on the ground that Congress lacked "the power under the Offences Clause to proscribe drug

---

[2] Section 2255(h) provides that a second or successive § 2255 motion must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional laws, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(1) and (2).

trafficking in the territorial waters of another nation."[3]  Id. at 1249.

In this case, Respondent correctly contends that the holding of Bellaizac-Hurtado does not make Castillo's conduct non-criminal because Castillo was convicted of drug trafficking in international waters, not in the territorial waters of another nation.[4]

The vessel on which Castillo was apprehended was 50 miles off the coast of Panama, in international waters lying beyond the

---

[3] The United States argued that the Maritime Drug Law Enforcement Act, as applied to defendants who were drug trafficking in the territorial waters of another nation, is a constitutional exercise of the power granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, §8, cl.10.  See Bellaizac-Hurtado, 700 F.3d at 1248.

[4] The United States recognizes a territorial sea of 12 nautical miles.  See Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 441 n.8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles"); 1982 United Nations Convention on the Law of the Sea, Dec. 10, 1982, 1833 U.N.T.S. 3, art. 3 (entered into force Nov. 16, 1994) (Territorial waters are the coastal waters extending seaward at most for four leagues or twelve nautical miles from the baseline of a nation, and the high seas is the entire body of waters stretching seaward of the nation's territorial waters).

In the Petition, Castillo asserts that his vessel was 50 miles from the coast of Panama, which puts the vessel in international waters.  (ECF No. 1 at 11.)  Respondent filed a declaration of Michael R. Gesele, Commander, U.S. Coast Guard, averring that the vessel upon which Castillo was apprehended was approximately 22 nautical miles north of the Panamanian coast, which is international waters, "since the Government of Panama claims a 12NM territorial sea."  (ECF No. 6-1 at 2.)

recognized 12 mile territorial limit.  Thus, this is not a case where subsequent jurisprudence has rendered defendant's conduct non-criminal under United States law.  In addition, unlike Dorsainvil, Castillo did not raise or attempt to raise his Bellaizac-Hurtado challenge in a § 2255 motion in the Middle District of Florida.  Accordingly, this Court finds that § 2255 is not an inadequate or ineffective remedy for Castillo's claim and will dismiss the Petition for lack of jurisdiction.  See Ortiz-Dominguez v. Hollingsworth, Civ. No. 13-0025 (RBK), 2013 WL 163284 (D.N.J. Jan. 11, 2013) (dismissing § 2241 petition raising Bellaizac-Hurtado claim where vessel was 34 miles off coast of Guatemala); Paredes v. Hollingsworth, Civ. No. 13-0531 (RBK), 2013 WL 435969 (D.N.J. Feb. 4, 2013) (160 miles off coast of Columbia); Pandales v. Hollingsworth, Civ. No. 13-0841 (RBK), 2013 WL 618204 (D.N.J. Feb. 19, 2013) (80 miles off coast of Guatemala).

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


                                    s/ Jerome B. Simandle
                                    **JEROME B. SIMANDLE**
                                    Chief Judge

Dated:   **March 26** , **2013**