**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JORGE MATUTE CASTILLO,

    Petitioner,

  v.

FED. BUREAU OF PRISONS, et al.,

    Respondents.

Civil No. 13-7831 (JBS)

**OPINION**

**APPEARANCES:**

    JORGE MATUTE CASTILLO, #50857-018
    FCI Fort Dix
    P.O. 2000
    Fort Dix, NJ 08640
        Petitioner Pro Se

    PAUL J. FISHMAN, United States Attorney
    By:  PAUL A. BLAINE, Assistant U.S. Attorney
        P.O. Box 2098
        Camden, NJ  08101
           Attorneys for Respondent

**SIMANDLE, Chief Judge**:

    Jorge Matute Castillo, a federal inmate confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed on September 28, 2009, by Judge Elizabeth A. Kovachevich in the United States District Court for the Middle District of Florida, after he pled guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine, while on board a vessel subject to the jurisdiction of the United States,

in violation of the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a)(1), 70506(a), and 70506(b), and 21 U.S.C. § 960(b)(1)(B)(ii).  *See United States v. Castillo*, Crim. 09-0147 judgment (M.D. Fla. Sept. 29, 2009).  This Court dismissed the Petition for lack of jurisdiction.  Presently before this Court is Castillo's motion for reconsideration, which the government has opposed.  For the reasons expressed below, this Court will deny the motion.

## I.   BACKGROUND

In his § 2241 Petition, Castillo challenged his conviction and 210-month sentence for knowingly conspiring to possess with the intent to distribute five kilograms or more of cocaine (count one), and knowingly possessing with the intent to distribute five kilograms or more of cocaine (count two).  *United States v. Castillo*, Crim. 09-0147 judgment (M.D. Fla. Sept. 29, 2009).  He raised two grounds: "New 11th Circuit law - no jurisdiction in territorial waters" (ground one), and "Ilegal[ly] incarcerated, no jurisdiction for sentencing court to impose sentence" (ground two).  (ECF No. 1 at 6.)  In a memorandum accompanying the Petition, he argued:  pursuant to *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), the sentencing court was without jurisdiction to impose a sentence, and the "act for which Petitioner was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255

2

motion." (ECF No. 1 at 9.)  Factually, he alleged that in March 2009, the U.S. Coast Guard illegally seized him from a vessel "50 miles from Panama coast," and the United States prosecuted him under the Maritime Drug Law Enforcement Act. (ECF No. 1 at 11.) Relying on the Eleventh Circuit opinion in *Bellaizac-Hurtado*, he asked this Court to vacate his criminal judgment or grant an evidentiary hearing on his petition. (ECF No. 1 at 16.)

In an Opinion filed March 26, 2013, this Court dismissed the Petition for lack of jurisdiction because 28 U.S.C. § 2255 was not an inadequate or ineffective remedy to test the legality of his detention. *See* 28 U.S.C. § 2255(e); *see also In re Dorsainvil*, 119 F.3d 245, 250 (3d Cir. 1997) ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent"). Although Castillo claimed that he was imprisoned for conduct that the Eleventh Circuit (the circuit wherein he was convicted) deemed non-criminal in *Bellaizac-Hurtado*,[1] this Court found that the holding of *Bellaizac-Hurtado* did not render Castillo's conduct non-criminal because Castillo was convicted of drug

---

[1] In *Bellaizac-Hurtado*, the Eleventh Circuit reversed convictions under the Maritime Drug Law Enforcement Act on direct appeal on the ground that Congress lacked "the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation." *Bellaizac-Hurtado*, 700 F.3d at 1249.

3

trafficking in international waters, not in the territorial waters of another nation.[2]

In his motion for reconsideration, Castillo alleges that, although he filed a timely Reply to the government's Answer, this Court improperly issued its Opinion without considering his Reply. (Motion, ECF No. 10.) In response to the motion, the government argues that reconsideration is not warranted because, even if the Court overlooked his Reply, "Petitioner has failed to demonstrate how anything in that document would or could have made a controlling difference to the outcome on his petition." (ECF No. 11 at 3-4.)

## II.  STANDARD OF REVIEW

A postjudgment motion "will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451 (1982)). Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to "alter

---

[2] The vessel on which Castillo was apprehended was 50 miles off the coast of Panama, in international waters lying beyond the recognized 12 mile territorial limit. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 441 n.8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles"); 1982 United Nations Convention on the Law of the Sea, Dec. 10, 1982, 1833 U.N.T.S. 3, art. 3 (entered into force Nov. 16, 1994) (Territorial waters are the coastal waters extending seaward at most for four leagues or twelve nautical miles from the baseline of a nation, and the high seas is the entire body of waters stretching seaward of the nation's territorial waters).

or amend a judgment" must be filed within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). "The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "[A] proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

### III. DISCUSSION

Presumably, Castillo argues that alteration or amendment of the Order dismissing his Petition for lack of jurisdiction is necessary to correct an error or law and to prevent manifest injustice. To this end, he contends that this Court improperly failed to consider his timely Reply before issuing the Opinion and Order dismissing his Petition. Castillo's Reply, entitled "Supplemental Pleading" was received and docketed on March 18, 2013 [Docket Item 7].

Thereafter, this Court considered Castillo's argument set forth in his Reply prior to rendering judgment. This Court's Opinion, filed March 26, 2013, did not discuss the Reply because the Reply

5

it did not touch on the threshold issue of this Court's jurisdiction to entertain his Petition under 28 U.S.C. § 2241.  Similarly, in his motion, Castillo does not dispute that he was arrested on a vessel 50 miles off the coast of Panama, and he has not shown that, as a result of a Supreme Court decision interpreting a criminal statute, issued subsequent to his § 2255 motion, he is now imprisoned for conduct that is not a crime.  *See Dorsainvil*, 119 F. 3d at 250.  This Court will deny Castillo's motion for reconsideration.

## IV.   CONCLUSION

For the foregoing reasons, this Court denies Petitioner's motion under Rule 59(e) to alter or amend the Order dismissing his Petition.


                                    s/ Jerome B. Simandle
                                    **JEROME B. SIMANDLE**
                                    Chief Judge


DATED:    **August 14**   , 2013

6